765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
IVAN B. JOHNSON, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 83-5837
 United States Court of Appeals, Sixth Circuit.
 5/20/85
 
 On Appeal From The United States District Court for the Eastern District of Kentucky
 BEFORE: KEITH and MARTIN, Circuit Judges, and DIGGS-TAYLOR.*
 PER CURIAM:
 
 
 1
 This is the second appeal filed by the claimant, Ivan B. Johnson, in his continuing litigation with the Secretary to establish his entitlement to Social Security beenfits. For the reasons set forth below, we affirm the corrected order of the United States District Court for the Eastern District of Kentucky, entered on September 9, 1983, remanding this case to the Secretary for further proceedings.
 
 
 2
 A complete summary of the facts underlying this litigation is fully set out in this Court's prior unpublished order. See Johnson v. Secretary of Health and Human Services, No. 81-5889 (6th Cir., Feb. 15, 1983). Accordingly, only the facts relevant to the instant appeal will be briefly summarized. On October 1, 1981, the United States District Court for the Eastern District of Kentucky entered an order granting the Secretary's motion for summary judgment. This order effectively denied Mr. Johnson's application for benefits. That decision was appealed to this Court and on February 15, 1983, an order was entered by this Court reversing the district court and remanding the matter to the Secretary for further administrative action. In part, our prior order provided:
 
 
 3
 The vocational expert attempted to enumerate specific jobs that Mr. Johnson was capable of performing. However, his testimony was based upon the assumption that Mr. Johnson's allergies were controllable by medication. Mr. Johnson's allergist reported that his allergies were responding to desensitization rejection treatments. However, appellant testified that the treatment had been discontinued because he developed a reaction to the medication. The record reveals that Johnson's allergies are food and dust related. They include penicillin, aspirin, citric fruit, berries, vegetables and various atmospheric irritants. Though he acknowledged being on a special diet, there was no evidence that the diet alone could control his allergies.
 
 
 4
 The vocational expert's testimony was based upon the faulty assumption that Johnson's allergies were medically controllable. The evidence does not support his proposition. Given the manifest ambiguity of the vocational expert's testimony, we are remanding this case to the ALJ with instructions that he amend the hypothetical to reflect that the allergies are not medically controllable.
 
 
 5
 Accordingly, we reverse the decision of the district court and remand the action to the Secretary.
 
 
 6
 Johnson v. Secretary of Health and Human Services, No. 81-5889, slip op. at 5-6 (6th Cir. Feb. 15, 1983) (emphasis added).
 
 
 7
 In attempting to comply with the instructions provided by this Court on remand, the district court entered an order on June 28, 1983, further remanding this matter to the Secretary. However, the district court's order, in part, incorrectly stated: 'Pursuant to the mandate of the United States Court of Appeals for the Sixth Circuit, this matter is REMANDED to the Secretary for an award of benefits.' Johnson v. Secretary of Health and Human Services, No. 78-206 (E.D. Ky. June 28, 1983) (emphasis added). On August 30, 1983, the Secretary filed a motion for relief from the district court's judgment, pointing out the obvious mistake which had been made regarding the payment of benefits. On September 9, 1983, the district court vacated and set aside its previous order awarding benefits and remanded the matter to the ALJ to pose a proper hypothetical question.
 
 
 8
 Mr. Johnson objected to the corrected order and has now appealed the matter to this Court. Specifically, the claimant contends that the district court has abused its discretion in granting the Secretary relief from judgment pursuant to Federal Rule of Civil Procedure 60. We do not agree.
 
 
 9
 Federal Rule of Civil Procedure 60(a) provides:
 
 
 10
 (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
 
 
 11
 Legal commentators have stated that the correction of a court's order is possible under Rule 60(a), if a verdict needs to be corrected to comport with that which was intended by a jury. See, e.g., 11 C. Wright and A. Miller, Federal Practice and Procedure Sec. 2854 (1973). We find the situation in which the trial court inadvertently misreports the verdict of the jury to be analogous to the instant situation in which the trial court inadvertently misstates the clear remand directions of this Court. Cf. Allied Material Corp. v. Superior Products Co., 620 F.2d 224, 226 (10th Cir. 1980) (Rule 60(a) applicable when 'the thing spoken, written or recorded is not what the person intended to speak, write or record').
 
 
 12
 Further, since it is evident that the trial court, in correcting its order, sought only to comply with the clear instructions of this Court, we expressly approve the trial court's correction of its clerical error. See Fed. R. Civ. P. 60(a).
 
 
 13
 Accordingly, the amended remand order entered by the Honorable G. Wix Unthank on September 9, 1983, is hereby affirmed.
 
 
 
 *
 Honorable Anna Diggs-Taylor United States District Court for the Eastern District of Michigan, sitting by designation